## The People of the State of Illinois, Defendant in Error, v. Samuel Hadesman, Plaintiff in Error.

### Gen. No. 26,249.

1. CONTEMPT—*what constitutes direct contempt.* Conduct in the presence of the court which tends directly to obstruct and prevent the administration of justice in the conventional way and according to the requirements of the constitution and the statutes is a direct contempt.

2. CONTEMPT—*when judgment of guilty will be sustained.* Where the contemptuous conduct in question consisted of perjury by which defendant became a juror in the actual trial of a murder case, and where at the time he knew his statement that he had never been interested in the outcome of or been a witness in a criminal case and had never been in court when any such case was tried was false, and where he made such statement with the intention of becoming a member of the jury when he was ineligible, and where defendant claimed that his hearing was defective and that when he answered concerning a criminal case he thought he was answering concerning a "similar" case, the judgment of guilty was sustained.

3. CONTEMPT—*when commitment may be entered without preliminary proceedings.* In case of direct contempt, an order of commitment may be entered without preliminary proceedings.

4. CONTEMPT—*refusal to permit introduction of evidence in case of direct contempt as not depriving defendant of constitutional right.* The refusal of the trial judge to permit the introduction of evidence in the case of the direct contempt in question did not deprive defendant of his constitutional right under section 2, art. II of the State Constitution, providing that the trial of all crimes shall be by jury; neither the Federal nor the State Constitution takes away from courts the right to adjudge contempts in a summary manner.

5. CONTEMPT—*when order of commitment is sufficient.* The contention that the time of imprisonment fixed in the contempt proceedings in question should have been limited by the further provision "or until discharged according to law," or words to like effect, was not tenable where the order contained the words "for the period of six months or until otherwise sooner discharged by due course of law."

Error to the Criminal Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed December 21, 1921.

SABATH, GROSSMAN & SABATH, for plaintiff in error.

ROBERT E. CROWE, for defendant in error; EDWIN J. RABER and E. E. WILSON, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The defendant, Samuel Hadesman, having been found guilty of contempt and sentenced to six months in the county jail, has appealed from that judgment to this court.

On June 7, 1920, in the course of obtaining a jury in the criminal court of Cook county in a murder case, *People v. Savano,* the defendant was examined by the State's Attorney or one of his assistants as to his qualifications to serve as a juror. He was asked, "Were you ever interested in the outcome of any criminal case?" and answered, "No, sir." He was asked, "Were you ever in court when any criminal case was tried?" and answered, "No, sir." He was asked, "Were you ever a witness in any criminal case?" and answered, "No, sir." At the close of his examination he was accepted as a juror.

On the 14th day of June, 1920, in the same court, the trial of the case of *People v. Savano* having terminated, the defendant, being interrogated as to his qualifications and fitness to further act and serve as a juror in the criminal court, stated in open court and within the presence and hearing of the court and within the personal knowledge of the court, that he had theretofore been a party to a criminal proceeding in the municipal court wherein he had been held by that court to the criminal court of Cook county to await the action of the grand jury upon a charge of subornation

of perjury against him, and that he had been interested in the outcome of that proceeding; and stated further, in the presence and hearing of the court, that he had theretofore been indicted by the grand jury of the criminal court of Cook county on or about October 2, 1919, charged with the crime of subornation of perjury, and that he was in the criminal court when that indictment was disposed of and that he was interested in the outcome of that case. And, further, he stated in open court, within the hearing and presence of that court, that he had been interested in a charge of highway robbery which was made against his brother, Charles Hadesman, and that his firm had paid the attorney's fees for services rendered by the attorney for Charles Hadesman in that criminal case when it was tried in the criminal court of Cook county. When asked by the trial judge whether or not, in answer to a question put to him by the State's Attorney, upon his examination touching his qualification and fitness to act as a juror in the *Savano* case, he was ever interested in the outcome of a criminal case, he had stated that he was not, he replied that he had made that answer to that question. The bill of exceptions shows that on the same day the trial judge made the following announcement: ''From the matters occurring here in court and in the presence and hearing and knowledge of the court, the juror, Samuel Hadesman, is guilty of contempt of court, and the State's Attorney is directed to prepare a proper order in the matter.'' The trial judge then continued the matters involved until June 16, 1920, at ten o'clock and directed the defendant to be present at that time.

On June 16, 1920, the matter was called up and the defendant, appearing by counsel, asked the court for a continuance. The matter was then adjourned until Friday, June 18, 1920. At the latter hearing, counsel for the defendant stated to the court that he desired to offer the testimony of a physician that the hearing

of the defendant at the time he was asked the questions was reduced over 50 per cent below normal; that when he answered concerning a criminal case he thought he was answering concerning a "similar" case. Counsel also asked to be allowed to file a sworn answer which he claimed would purge his client of contempt.

The trial judge then said: "This is a case of direct contempt in which the court finds the facts from what occurred in the presence and hearing of the court. * * * The juror not only answered the questions at the time, but he has since admitted in open court that those questions were put to him and that he made those answers. Now, then, to allow the defendant to come in at this stage of the case and to say that his hearing is bad would be just simply a travesty on justice. * * * The questions were so plain and so direct that there could not be any question about his understanding the matter." The trial judge then refused to allow the counsel for the defendant to introduce testimony or to present an affidavit by the defendant that he did not intend any contempt, and announcing, that he was of the opinion that it was a direct contempt, sentenced the defendant to six months in the county jail.

The contemptuous conduct consisted of perjury by means of which the defendant became a juror in the actual trial of a murder case in the criminal court of Cook county. It is obvious from what appears in the judgment of the trial judge that the particular answers of the defendant were false when made; that at that time he knew they were false and made them with the criminal intention of becoming a member of the jury when he was ineligible, thus interfering with the proper procedure of the court and the due administration of justice. Unlike the case of *People v. Hille*, 192 Ill. App. 139, where the court said that: "The record does not show that the plaintiff in error admitted that

he knew that the representations made by him were false at the time that he made them.'' Here, in the instant case, the defendant in answering the questions of the trial judge showed that he must have known that the answers that he gave when interrogated as to his qualification and fitness in the *Savano* case were false when made. It is the law that conduct, in the presence of the court, which tends directly to obstruct and prevent the administration of justice in the conventional way and according to the requirements of the constitution and the statutes is a direct contempt and punishable as such. *People v. Gard,* 259 Ill. 238. In the latter case the court said: ''Conduct which tends to embarrass or obstruct the court in the administration of justice, or which tends to bring the administration of the law into disrespect or disregard, constitutes a direct contempt and is punishable as such.'' And, further, having in mind the question as to whether the particular acts constituted a direct contempt: ''The acts constituting the contempt having been committed in the presence of the court were a direct contempt, and the order of commitment could have been lawfully made without the preliminary proceedings that were had.'' *People v. Oesterreicher,* 214 Ill. App. 643.

It is contended by counsel for the defendant that the trial judge did not have the authority to enter an order of commitment without certain preliminary proceedings whereby the defendant might have the opportunity to purge himself of the alleged contempt. That contention, however, bearing in mind what is said in the *Gard* case, *supra,* that in case of a direct contempt an order of commitment may be entered without preliminary proceedings, is untenable. As the trial judge stated, when the matter was being discussed with counsel, his judgment was predicated entirely on what actually occurred in his presence and that of the court. The trial judge took the position that evidence con-

cerning the quality of the "hearing" of the defendant was superfluous and would be immaterial, being of the opinion, from what transpired in his presence, that the defendant heard and understood the questions that were propounded to him and had deliberately committed perjury in order to become, as he did become, a juror in the *Savano* murder case.

It is contended by counsel for the defendant that the refusal of the trial judge to permit the introduction of evidence that was offered deprived the defendant of certain constitutional rights, citing section 2, art. II, of the Constitution of the State. That contention, however, is untenable. It was held a long time ago (*Hollingsworth v. Duane*, Wallace C. C. 77) that the provision in the Constitution of the United States that the trial of all crime should be by jury did not take away from the courts the right to adjudge contempts in a summary manner. The constitutional provisions, State and federal, are considered as relating only "to those crimes which by our former laws and customs had been tried by a jury." Rapalje on Contempts, sec. 10; *People v. Seymour*, 191 Ill. App. 381.

It is further contended by counsel for the defendant that the time of imprisonment should have been limited by the further provision, "or until discharged according to law," or by words of like effect.

Inasmuch as the order of the court contains the words, "For the period of six months or until otherwise sooner discharged by due course of law," it is quite obvious that that contention is untenable.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and THOMSON, J., concur.