The People of the State of Illinois, Defendant in Error,
v. John Freeman, Plaintiff in Error.

Gen. No. 33,535.

Opinion filed March 5, 1930.

Louis Greenberg, for plaintiff in error.

John A. Swanson, State's Attorney, for defendant in error; Edw. E. Wilson and John Holman, Assistant State's Attorneys, of counsel.

Mr. Presiding Justice Wilson delivered the opinion of the court.

This is a writ of error to the criminal court of Cook county, brought by John Freeman to review an order of that court finding him guilty of contempt and sentencing him to confinement in the county jail for a term of six months. The order of commitment grew out of such testimony as was given by Freeman in a certain cause pending in the criminal court, entitled *The People v. Sam Kaplan.* Freeman was a witness on behalf of the People. The indictment in that case charged the defendants with kidnapping growing out of a conspiracy to vote illegally and to persuade and induce others to vote illegally and to prevent persons having a right to vote from voting at a primary election held April 10, 1928, in the City of Chicago, Cook county, Illinois.

It appears from the order of commitment that on the trial of said cause it was material to the issue to show that Freeman, as well as others, had voted illegally at said election. On the trial Freeman was asked a number of questions on direct examination, tending to show that he had voted at different times and at different places on the same day at the same election and, in answer to these questions, he answered in the affirmative, stating the various times he voted and at what particular polling places, and that he was driven to these places in an automobile accompanied by three or four other people. He was given the name under which he was to vote at the various places by those who were accompanying him.

The direct examination appeared to be quite extensive. When Freeman was turned over to defendant's counsel for examination, as shown by the finding of the trial court upon which the order of commitment was based, he testified that he had not voted as testified by him on direct, but that in a number of the answers given on direct in the morning session of the court, he had lied, and that his answers to the questions on his direct examination were false.

It is urged as a ground for reversal that the questions and answers were concerning matters not material to the issue. We have before us in this proceeding only the order finding the said Freeman guilty of contempt, and in this order it is charged that the testimony was material to the issue and we are constrained to assume this to be a fact, not having the indictment nor the record in the case before us. It is not necessary in our opinion that such testimony, however, should be of the same kind and character as would be necessary to support a charge of perjury. If testimony as given by a witness is of a character that would show an utter disregard of the witness for the sanctity of his oath and consume the time of the court in answering a long line of questions on direct, which he subsequently on cross-examination declared to be false, we are of the opinion that such conduct would constitute a contempt of court. Answers of a witness to questions put to him, frivolous in their character, insulting to the court, or false in their entirety, would have a tendency to obstruct, hinder and delay justice and seriously interfere with the order and decorum of a trial.

The happening of the event in question took place in the presence of the court. The witness Freeman admitted that the answers previously given were false. The fact of their falsity did not require extraneous evidence in view of his admissions. The false statements were made in the presence of the court and

236

[black bar]

[black bar]

constituted a direct contempt. *People v. Hadesman,*
223 Ill. App. 219; *People v. Stone,* 181 Ill. App. 475;
*Chicago Directory Co. v. United States Directory Co.,*
123 Fed. 194.

After the witness had admitted on cross-examination that his previous testimony had been untrue, the court asked a number of questions, and this is alleged as error. We are unable to see any force in this reasoning, as it appears from the order of commitment that the witness had already repudiated his testimony given on the direct examination.

Upon the record as we find it, we are of the opinion that the trial court did not exceed its authority in ordering the commitment of the witness for contempt.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*

RYNER and HOLDOM. JJ., concur.