People of the State of Illinois, Defendant in Error, v. Clifford H. Tavernier, Plaintiff in Error.

Gen. No. 42,398.

Opinion filed May 5, 1943.  Rehearing denied May 19, 1943.

BENJAMIN G. CLANTON, of Chicago, for plaintiff in error; PATRICK B. PRESCOTT, JR., of Chicago, of counsel.

Thomas J. Courtney, State's Attorney, for defendant in error; Edward E. Wilson, John T. Gallagher, Melvin S. Rembe and Joseph A. Pope, Assistant State's Attorneys, of counsel.

Mr. Presiding Justice Burke delivered the opinion of the court.

On June 17, 1942 the case of the *People of the State of Illinois v. Edward White,* Indictment No. 42–C–202, charging conspiracy, was on trial in the criminal court of Cook county. Mr. Clifford H. Tavernier, an attorney-at-law, was called to the witness stand by the State's Attorney. He refused to answer certain questions, stating that any testimony he gave would tend to incriminate him. The State's Attorney then read from a transcript containing testimony given by Mr. Tavernier before the grand jury in January 1942. Thereupon, the court directed the witness to answer the questions. He refused on the ground that the answers would tend to incriminate him. The court then (June 17, 1942) entered a formal order finding the witness guilty of direct contempt for his "wilful and contumacious refusal to answer such questions as directed and ordered by this court to be answered," and sentenced him to serve a term of six months in the county jail and to pay a fine of $1,000. On motion of the contemnor the issuance of the mittimus was stayed until July 18, 1942, and he was released on his own recognizance. On July 1, 1942 the contemnor filed a petition praying that the order and judgment entered against him on June 17, 1942, be vacated.

On June 30, 1942 the following order was entered *nunc pro tunc* as of June 17, 1942:

"Now, in the name and the authority of the People of the State of Illinois, the defendant, Clifford H. Tavernier being present in his own proper person, the matter against said defendant of alleged direct contempt of this court is considered by the court. And

thereupon the court finds that on June 17, 1942 the defendant in this cause was present in open court and while this court was in open session the court verbally ordered said defendant to answer certain questions which were propounded to him by William B. Crawford and Wilbert F. Crowley, Assistant State's Attorneys; that said defendant refused to answer the said questions upon the grounds that his said answers thereto might tend to incriminate him; that thereupon Wilbert F. Crowley read, in open court and in the presence and hearing of the said defendant, while said defendant was on the witness stand in a certain cause therein pending in said court and in which the said defendant had been subpoenaed as a witness entitled *People of the State of Illinois v. Edward White et al.,* General Number 42–202; that thereupon the defendant was asked if he would answer the same questions that were asked of him before the January grand jury wherein said defendant appeared as a witness and was further asked if he would answer any of said questions so read in his presence and hearing by said Wilbert F. Crowley; and thereupon the said defendant stated that he would refuse to answer any and all such questions which he had heard read in his presence and hearing, upon the grounds that his said answers thereto might tend to incriminate him; that all of the said questions and answers so read in the presence and hearing of the defendant are expressly incorporated herein by reference and made a part hereof; that thereupon the court again ordered the said defendant to answer said questions and the said defendant refused to answer any and all of said questions on the ground that his answers thereto might tend to incriminate him; that the said defendant heard said order and was duly notified thereto and understood the same; that thereafter said order of the court, and notwithstanding the same, in direct violation thereof, and without any legal excuse therefor, the defendant hav-

ing stated under oath before the January, 1942 grand
jury that he was not a co-conspirator of said defend-
ants in the above entitled case, *People of the State of
Illinois v. Edward White, et al.*, and was guilty of no
criminal misconduct; and the court being of the opin-
ion that his answers to said questions so set forth as
above would not tend to incriminate said defendant,
which conduct of said defendant took place while this
court was in open session and tended to impede and
interrupt the proceedings and lessen the dignity of
this court; the court further finds that the defendant,
Clifford Tavernier, who is now here present in open
court, is, by reason of said conduct of said defendant,
guilty of direct contempt of this court in open court,
and the sentence of the court therefor is six months
in the County Jail and a One Thousand Dollar
($1,000) fine, the said fine to be paid or worked out in
the House of Correction at the rate prescribed by the
statute in such case made and provided.''

On July 1, 1942 the court overruled the motion of con-
temnor to vacate the judgment and he prosecuted this
writ of error.

On review of a contempt order which recites that
evidence was heard it will be presumed that the evi-
dence was sufficient to warrant the finding and judg-
ment. The burden is on the contemnor to bring up a
record showing that reversible error was committed.
He did not bring the transcript of evidence to this
court. Hence, we are bound to presume that the testi-
mony heard was sufficient to warrant the finding and
judgment. The trial court had the duty to determine
from the circumstances of the case whether there was
reasonable ground for the contemnor to fear incrimi-
nating himself by his testimony. In our opinion the
court acted reasonably in requiring Mr. Tavernier to
answer the questions propounded to him. The court
did not err in concluding that the answers would not

tend to incriminate him. Following the entry of the original order, the court entered a new order *nunc pro tunc*. The new order was more complete than the first order. This order was entered while the matter was before the court and the contemnor was not prejudiced by it.

The questions propounded to the witness before the grand jury and his answers were read to him in open court and were incorporated in the order by reference. These questions and answers are not before us. Before the grand jury the witness stated he was not a coconspirator and that he was not guilty of any criminal misconduct. It has been repeatedly held that to entitle a party called as a witness to the privilege of silence, the court must see, from the circumstances of the case and the nature of the evidence the witness is called upon to give, that there is reasonable ground to apprehend danger from his being compelled to answer. *People v. Conozo*, 301 Ill. App. 524, 532. Applying this rule to the instant case, we are of the opinion that the court was right in finding that the witness did not have reasonable ground to apprehend danger from being compelled to answer. From the circumstances of the case and the nature of the evidence the witness was called upon to give, the court acted properly in requiring him to answer the questions, and in committing him for contempt the court did not violate any of his rights. Contemnor also maintains that the order is void because it does not show affirmatively the materiality of the questions he refused to answer, or his presence when the order was entered. In *People v. Freeman*, 256 Ill. App. 233, this court said (235):

"It is urged as a ground for reversal that the questions and answers were concerning matters not material to the issue. We have before us in this proceeding only the order finding the said Freeman guilty of contempt, and in this order it is charged that the testimony was material to the issue and we are con-

strained to assume this to be a fact, not having the indictment nor the record in the case before us.''

The meager record brought here does not contain a copy of the indictment in the conspiracy case. However, it is manifest that all the parties considered that the answers to the questions propounded by the State's Attorney were material in proving the charge laid in the indictment. Mr. Tavernier did not at any time contend that the answers were not material. He insisted that he should not be required to answer because such answers would tend to incriminate him. We are of the opinion that the record shows that the questions propounded to Mr. Tavernier and which he refused to answer, were material. The order entered June 30, 1942 *nunc pro tunc* as of June 17, 1942 recites that at that time (June 17, 1942) Clifford Tavernier was present in open court. On July 1, 1942 when the contemnor filed his petition to vacate the contempt order, although such petition specified numerous objections, he did not contend that there was any fault with the order because he was not present at the time it was entered.

Because of the views expressed, the judgment of the criminal court of Cook county, is affirmed.

*Judgment affirmed.*

HEBEL and KILEY, JJ., concur.