## Harman v. Commonwealth.

(Decided Sept. 21, 1910.)

### Appeal from Adair Circuit Court.

1. Step-father—Debauching Step-child—Trial—Absent Witness—Motion for Continuance.—On the trial of a step-father, 72 years old, for the carnal knowledge of his step-daughter, under 16 years of age, the court properly refused to allow the defendant's affidavit for a continuance to be read, of a nonresident witness, where no diligence was shown to secure her attendance, and no reason given for his failure to take her deposition.

2. Refusal of Child to Testify—Commitment to Jail—Solitary Confinement.—On the trial of a step-father for having carnal knowledge of his 16 year old step-daughter, the court properly committed her to jail when she refused to answer the question as to the defendant's guilt, and properly ordered her baby to be taken from her, and placed her in solitary confinement when she persisted in her refusal to answer.

3. Credibility of Witness—Question for Jury.—On the trial of a step-father charged with having carnal knowledge of his 16 year old step-daughter, the credibility of the accused and his victim is for the jury, and the court will not on appeal disturb their finding unless palpably against the evidence.

JAS. GARNETT, F. R. WINFREY and L. C. WINFREY for appellant.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Hezekiah Harman was indicted under section 1155 Ky. St., for the offense of carnally knowing Myrtie Tay-

lor, an infant under 16 years of age. The punishment of the offense is confinement in the penitentiary from 10 to 20 years. He was found guilty and his punishment being fixed at confinement in the penitentiary for ten years he appeals.

He is 72 years old. The girl is his step-daughter. Her mother has been dead about five years. She and a little brother lived with her step-father and constituted his family. She was delivered of a child and at first said another was the father, but testified on the trial that she did this because she was told to do so. There is some conflict in the evidence as to her age, but taking all the evidence we cannot say the finding of the jury that she was under sixteen is against the evidence.

The court did not err in refusing to permit the defendant to read to the jury the statements of his affidavit for a continuance as to what he could prove by Minerva McGaha. The witness was a non-resident of the State and the affidavit showed no diligence in securing her testimony. For all that appears the defendant had had ample time to take her deposition before the term at which he was tried. The case had been continued several times and no reason was shown why this evidence had not been taken.

The court properly required Myrtie Myers to answer the questions as to whether the defendant had carnal knowledge of her and was the father of her child. When she refused to answer he properly committed her to jail and when she still refused to answer he properly ordered the baby taken from her and ordered her placed in solitary confinement. What punishment should be inflicted in such a case rests largely in the discretion of the court. It was not proper to put the child in jail with its mother, or do anything that might hurt it. The order of the court promptly produced the desired result, and we see nothing in the record to warrant the conclusion that the evidence the witness then gave should not be credited; on the contrary in refusing to answer, she seemed to have acted on advice she had received, or from a desire to shield her stepfather.

There was no substantial error in the admission or rejection of evidence. The instructions are not complained of. The refusal of the witness to answer cannot be said to have prejudiced the defendant before the jury, unless they concluded this was his doing and of

this they had the right to judge. It is earnestly insisted that we have only oath against oath and the conviction should not be permitted to stand, as the defendant testified positively that he had not had carnal knowledge of the girl. But the credibility of the witnesses is for the jury and we cannot usurp their province. The defendant's own testimony went far to convict him. The jury is the tribunal created by law to determine these matters, and this court will not on appeal disturb their findings unless palpably against the evidence.

The objections to the argument of the Commonwealth Attorney cannot be considered, as the bill of exceptions does not show what occurred. Objections to the argument of counsel cannot be considered unless shown by the bill of exceptions.

On the whole case we find no substantial error in the record to the prejudice of appellant.

Judgment affirmed.