## The People of the State of Illinois, Defendant in Error, v. Julius A. Stone, Plaintiff in Error.

## Gen. No. 19,037.

1. CONTEMPT—*summary proceedings.* It is essential to a summary proceeding for direct contempt that the court act upon matters of fact of which it has judicial cognizance.

2. CONTEMPT—*false swearing in the presence of the court.* If false

swearing in the presence of the court constitutes direct contempt, judicial knowledge of its falsity is indispensable to the right of the court to exercise authority to commit therefor.

Error to the Municipal Court of Chicago; the HON. FRED C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed. Opinion filed June 24, 1913.

SAMUEL G. GRODSON and BLUM & BLUM, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This writ of error is brought to review proceedings for contempt of court. They were commenced by the entry of a rule requiring J. A. Stone, referred to therein as defendant, to show cause why he should not be punished for contempt of said court because, as the rule states, "he gave false testimony while testifying after having been duly sworn in the cause entitled Joe Greenfield vs. J. A. Stone." On the day after its entry when it was returnable, a petition for such a rule was filed, sworn to by said Greenfield, setting up the particular testimony claimed to be false, and Stone filed his answer denying the several allegations therein as to falsity. Nothing further appears in the record except the order of the court finding the facts substantially as set forth in said petition and adjudging Stone guilty of contempt, and another order entered on the same day imposing a fine and directing his commitment until the same was paid, etc.

If it was deemed constructive contempt, requiring a hearing to show whether the testimony was false, and one was had for that purpose, with respect to which the record is silent, then the court practically converted

itself into a tribunal to try a charge of perjury in utter disregard of the constitutional guaranties afforded one charged with crime.

But presumably the court treated it as a direct contempt on the theory that it judicially knew that the testimony was false, for it entered a rule to show cause without any information or affidavit, which would be unnecessary in a case of direct contempt.

But there is nothing in the record to disclose that the court knew that the testimony was false. In a case of direct contempt, it may act upon that of which it may take judicial notice, but it cannot judicially know that evidence is false unless at the trial it is so made to appear by the witness' own admission or perhaps by unquestioned or incontrovertible evidence. Otherwise the court would act merely upon its belief or conclusions derived from evidence heard, and not upon matters of fact of which it had judicial cognizance, which is essential to the summary proceeding for direct contempt.

The substance of the testimony of Stone alleged to be false in the case on trial was that he had paid Greenfield a certain sum of money at a certain time and place. Presumably the court was not there nor in a position to know the actual fact. All it could know in the nature of things was that Stone gave one version of the matter under oath and Greenfield another. It might form a correct conclusion from the entire evidence as to which was telling the truth, but it would not know judicially which had falsified. If false swearing in the presence of the court constitutes direct contempt, then judicial knowledge of its falsity is, in our opinion, indispensable to the right of the court to exercise authority to commit therefor, and there is nothing in the record to disclose that the court knew or could know that the testimony was false. The case will, therefore, be reversed for want of sufficient showing of record to justify entry of the orders referred to.

*Reversed.*