## The People of the State of Illinois, Defendant in Error, v. Emanuel Friedlander, Plaintiff in Error.

### Gen. No. 21,703. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed. Opinion filed April 28, 1916.

### Statement of the Case.

Emanuel Friedlander, defendant, was adjudged guilty of contempt of court by a judgment of the Municipal Court and sentenced to confinement in the county jail for thirty days. To reverse this judgment he prosecutes this writ of error.

A "Statement of Facts," contained in the transcript of record and certified to by the Honorable Sheridan E. Fry, one of the judges of said court, and the common-law record showed the following facts:

On September 17, 1914, one Charles Pent was arraigned before Judge Fry on the charge of contributing to the dependency of his child, and on the hearing he was found guilty and sentenced to the House of Correction for one year and ordered to pay for the use of said child the sum of $6 per week, to be released on a recognizance in the sum of $500 signed by him and a surety and approved by the court. On October 2,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1914, Pent was brought from the House of Correction into the court presided over by Judge Fry, and then and there defendant presented himself as a surety on said bond or recognizance and was examined as to his qualifications to act as such surety, and after such examination he was allowed to sign said bond or recognizance as surety and the same was approved by said judge and filed for record, and Pent was released from custody. Thereafter Pent, or others for him, made certain payments of $6 per week and subsequently Pent left the State of Illinois, and no further payments were made by him or by any one for him. On February 27, 1915, without any petition or information being filed, the court entered a rule that defendant (who was then present in court) show cause on March 13, 1915, why he should not be adjudged guilty of contempt of court "because on October 2, 1914, he, the said Emanuel Friedlander, having been duly sworn, did then and there depose and swear and testify wilfully, corruptly and falsely as to matters material to his sufficiency as surety upon the recognizance of one Charles Pent, acknowledged and filed on October 2, 1914, in the case entitled '*The People, etc. v. Charles Pent,*' now pending in this court." The order or rule did not state what the particular testimony was which was alleged to be false. On March 13, 1915, defendant was again present in court before Judge Fry, but he did not on that date, or at a subsequent time, file any sworn answer in writing to the rule to show cause, and the hearing on said rule was continued to March 27, 1915, when a partial hearing was had, and the cause was thereafter continued from time to time until July 17, 1915, when the final hearing was had. From said statement of facts it also appears, *inter alia,* that on March 27, 1915, the testimony of witnesses other than defendant to said rule was heard by the court; that it was disclosed by certain witnesses that defendant, before he

signed said recognizance, had been paid the sum of $100 on his representation that he would procure Pent's release from confinement; that it was also disclosed that, when defendant was examined in open court on October 2, 1914, as to his qualifications to act as surety on said recognizance, he stated to said Judge Fry, among other things, that he owned stock in a corporation, of which he was sales manager, which stock was worth $10,000, that he owned no real estate, that he was worth over and above all liabilities and exemptions at least $10,000, and that "there were no judgments of record against him unsatisfied of record in the City of Chicago or County of Cook"; that on said hearing on March 27, 1915, certain records of the Municipal Court and other courts of record in Cook county were introduced in evidence showing that on October 2, 1914, there were more than seventeen unsatisfied judgments of record in said courts against defendant in favor of various parties; that on said hearing, after the above evidence had been introduced, defendant testified that when he was before Judge Fry on October 2nd "the court asked him what his occupation was and what his financial ability was, and that after he had given this information the court accepted the bond, and that nothing was said to him with reference to judgments pending against him," and that "the bond was taken by the court without a schedule," and defendant "denied absolutely that he had made the statement at the time the bond was signed that there were no judgments against him," and defendant further testified that of said judgments appearing of record against him "the major part were paid though not satisfied of record." On the date of the final hearing, July 17, 1915, after the court had overruled defendant's motion that said rule be discharged and the proceedings dismissed, the court entered a final order, finding him "guilty of contempt on rule to show cause" and adjudging him guilty of contempt on said finding and

sentencing him to the county jail as aforesaid. In said order the court also found:

"On October 2, 1914, said Emanuel Friedlander, the defendant in this cause, was present in open court, and while this court was in open session said defendant then and there offered to act as surety for the appearance before this court of one Charles Pent, said Charles Pent then and there being the defendant in this court; and thereupon it became material to the acceptance of said Emanuel Friedlander, as surety aforesaid, to examine and inquire of said Emanuel Friedlander concerning his qualifications to act as surety aforesaid and the sufficiency thereof; and the said Emanuel Friedlander, being so inquired of and examined by the court as aforesaid, did then and there make certain misrepresentations to the court and give the court to understand that no judgments were then and there outstanding against him, the said Emanuel Friedlander, whereas, in truth and in fact, as the said Emanuel Friedlander well knew, certain judgments were then and there outstanding against him."

SAMUEL FRIEDLANDER, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. CONTEMPT, § 1*—*how proceedings classified.* Proceedings for contempt of court are of two classes, those which are criminal in their nature, sometimes called common-law contempts, and those intended as purely civil contempts, which ordinarily arise out of the alleged violation of some order entered in the course of a chancery proceeding.

2. CONTEMPT, § 1*—*when civil and when criminal.* Where a contempt consists of something done or omitted in the presence of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

court, tending to impede or interrupt its proceedings or lessen its dignity, or out of its presence in disregard or abuse of its process, the proceedings are punitive or criminal, and the penalty is inflicted by way of punishment for the wrongful act and to vindicate the authority and dignity of the People as represented by their judicial tribunals.

3. Contempt, § 50*—*when proceeding for criminal contempt distinctive.* On proceedings for criminal contempt, the application for attachment may be made in the original cause and nevertheless the contempt proceeding be a distinct case, criminal in its nature.

4. Contempt—*when misrepresentation as to qualifications as surety criminal contempt.* Proceedings to punish one for misrepresentation in response to interrogatories of the court as to his qualifications to act as surety on a recognizance are criminal in nature.

5. Contempt, § 56*—*what requisite on proceeding for criminal contempt.* In proceedings for criminal contempt, it is necessary that respondent be apprised with reasonable certainty, by affidavit, information or rule to show cause, of the nature of the charge against him and of the facts upon which the alleged contempt is predicated, and that he shall have a reasonable opportunity to answer the charge by a written answer under oath.

6. Contempt, § 61*—*what proper practice on proceedings for criminal contempt.* As a general rule, where contempt proceedings are criminal in their nature, the defendant is tried upon his sworn answer made to the information or affidavit or interrogatories, filed, though he may answer the charge orally under oath in open court.

7. Contempt, § 61*—*when answer sufficient to discharge from criminal contempt.* If, on proceedings for criminal contempt, defendant by his sworn answer specifically denies the facts upon which the charge is founded, or if he sets up other facts which, if true, are sufficient to acquit him of the charge, then he must be discharged, as his answer presents an issue of fact which cannot be tried by the court in such proceeding.

8. Contempt, § 68*—*when opposing testimony not heard.* Where a defendant in a proceeding for criminal contempt files a sworn answer specifically denying the facts upon which the charge is founded, opposing testimony will not be heard.

9. Contempt, § 61*—*what proper procedure where defendant's answer fails on criminal proceeding.* On a proceeding for criminal contempt, if defendant's sworn answer proves false, the remedy is by indictment for perjury.

10. Contempt, § 61*—*when answer sufficient to discharge on proceeding for criminal contempt.* On a proceeding for criminal con-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tempt, based on alleged misrepresentations of defendant as to his qualifications as surety on a recognizance in a pending cause, where defendant orally denies under oath in open court that he made the statements as to his qualification, he sufficiently purges himself of the charge and the rule against him should be discharged.