## Russell v. Field, Judge Jefferson Circuit Court.

(Decided June 24, 1921.)

## Petition for Writ of Prohibition.

Prohibition—Writ of.—The writ of prohibition applied for in this action is granted upon the authority of Riley v. Wallace, Judge, 188 Ky. 471.

GROVER G. SALES and BRUCE & BULLITT for petitioner.

ALLEN P. DODD and WM. S. KAMMERER for defendant.

OPINION OF THE COURT BY JUDGE SETTLE—Granting writ of prohibition.

William Russell, the petitioner, was a witness in the case of the Kentucky Nursery Company v. Ben H. Wilson, in the common pleas branch, first division, of the Jefferson circuit court, tried before the Hon. Wm. H. Field, judge. Russell after the trial signed an affidavit substantially in effect that his testimony given on the trial was untrue and that he knew nothing about the facts of the case. This affidavit was filed on the motion for new trial. Judge Field then issued a rule against Russell to show cause why he should not be punished for a contempt of court in giving false testimony on the trial or in the affidavit. Russell filed a special demurrer to the jurisdiction of the court, and also a response to the rule in which he stated that the affidavit was obtained by coercion, threats and intimidation and was untrue; that his testimony on the trial was true. Russell then filed his petition in this court asking a writ of prohibition under section 110 of the Constitution, restraining the judge of the circuit court from proceeding further with the rule on the ground that the court was without jurisdiction in this way to try the question of fact raised by his response to the rule.

The case is on all fours wih Riley v. Wallace, Judge, 188 Ky. 471, in which on substantially like facts this court said:

"We only hold that the facts shown in the record before us do not present a case justifying the procedure adopted. The chancellor could not judicially know the petitioners were guilty as charged. If the petitioners are thought to be guilty, that is a matter that should receive the consideration of the officers of the criminal

court and due notice of the facts should be brought to their attention for such action as may be deemed advisable.''

We cannot see that it makes any difference that the affidavit was filed in the court where the testimony was given. The same thing occurs when the testimony of a witness on the trial conflicts with a deposition previously given or with other portions of his testimony on the trial. In all these cases the remedy lies in the criminal courts to punish for perjury.

The motion for the writ is sustained and writ granted. The whole court sitting.