**The People of the State of Illinois, Defendant in Error, v. Sam Richman, Plaintiff in Error.**

### Gen. No. 25,807.

CONTEMPT—*when false answer denying possession of third person's assets not punishable as.* Where a party has been ordered to appear and disclose what assets of another person he has in his possession, his answer under oath denying possession of any assets belonging to such person should purge him of any contempt; and if the answer is false, the proper proceeding is by indictment for perjury, not by punishment for criminal contempt.

Error to the Municipal Court of Chicago; the Hon. M. L. Mc-KINLEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Reversed. Opinion filed October 5, 1921.

L. A. SHERWIN, for plaintiff in error.

MACLAY HOYNE, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On June 9, 1919, Sam Richman, plaintiff in error, was ordered by the trial judge (in the municipal court) to show cause within 2 days why he should not be punished for contempt. On June 11, 1919, he filed an answer, setting up the following, that he was ordered to appear on April 18, 1919, in the cause of *Gordon v. Esther Richman* and disclose what assets, if any, he had in his possession belonging to Esther Richman; that he appeared and testified that he had none; that he was ordered to answer questions concerning his business and did so honestly. The affidavit sets up the nature of his business, and that he has not and never had any money belonging to his wife, Esther Richman; that he was called as a witness and answered all questions put to him; that he did not wilfully, intentionally or otherwise misstate the truth or any single

fact; that none of his testimony has been impeached or found untrue or incorrect; that in no instance did he testify falsely and is not guilty of perjury or contempt of court.

On June 20, 1919, the following proceedings took place: "Motion to dismiss rule entered June 9, 1919, overruled. Hearing on rule finding defendant guilty of contempt. Motion in arrest of judgment overruled. Judgment on finding defendant guilty of contempt in that he wilfully and corruptly gave false and perjured testimony in a certain case then in hearing before the court in which A. Gordon was plaintiff and Esther Richman, defendant, case No. 665731, in matter material to the issue, said Sam Richman being first duly sworn to tell the truth. Motion defendant to vacate judgment of even date entered and overruled. Defendant fined one hundred ($100.00) dollars and costs remitted. Stand committed in County Jail until fine paid or discharged according to law."

It is contended by the plaintiff in error that as there was no trial of the question of alleged perjury, the order of the trial judge was erroneous.

In *People v. Friedlander*, 199 Ill. App. 300, the court said: "In a criminal proceeding, the answer under oath by the respondent should purge him of contempt and the respondent should have been discharged." The defendant answered, his answer was not traversed, and in no judicial way, without further proceedings, could he then be found guilty of contempt. As to the contention that there was no trial as to the question of perjury: In *People v. Stone*, 181 Ill. App. 475, the court said:

"But there is nothing in the record to disclose that the court knew that the testimony was false. In a case of direct contempt, it may act upon that of which it may take judicial notice, but it cannot judicially know that evidence is false unless at the trial it is so made to appear by the witness' own admission or perhaps

by unquestioned or incontrovertible evidence.   Otherwise, the court would act merely upon its belief or conclusions derived from evidence heard, and not upon matters of fact of which it had judicial cognizance, which is essential to the summary proceeding for direct contempt.''

''It might form a correct conclusion from the entire evidence as to which was telling the truth, but it would not know judicially which had falsified.   If false swearing in the presence of the court constitutes direct contempt, then judicial knowledge of its falsity is, in our opinion, indispensable to the right of the court to exercise authority to commit therefor, and there is nothing in the record to disclose that the court knew or could know that the testimony was false.''

Seemingly, the trial court, ''practically converted itself into a tribunal to try a charge of perjury in utter disregard of the constitutional guaranties afforded one charged with crime.''   *People v. Stone, supra.*

We are of the opinion that Richman should have been discharged on his answer.   The judgment will be reversed.

*Reversed.*

O'CONNOR, P. J., and THOMSON, J., concur.