**People of the State of Illinois, Defendant in Error, v. Kent Tomlinson, Plaintiff in Error.**

**Gen. No. 40,220.**

Opinion
filed October 10, 1938.

BERNARD M. FINNEGAN, of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER,

Melvin S. Rembe and Blair L. Varnes, Assistant State's Attorneys, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

Tomlinson, defendant in the trial court, on March 23, 1938, in response to a summons appeared in the municipal court of Chicago to answer an information which charged him with a violation of the traffic code of the city of Chicago. The case was continued from time to time and the record fails to disclose what disposition was finally made of it.

May 3, 1938, the court on its own motion found that defendant on April 7 prior thereto, was guilty of a direct contempt of court, and sentenced him to the county jail for a term of 10 days. He seeks by this writ to reverse that order.

So far as the record discloses no evidence was taken and facts upon which the finding was entered are recited in the order of the court, which is as follows:

"Defendant present in Open Court, Finding defendant guilty of contempt of Court in Branch No. 43, 1121 South State, Chicago, Illinois, because on April 7, 1938, while court was in open session in the trial of case No. 1558641, entitled People of the State of Illinois versus Kent Tomlinson, a case then pending and undetermined, said defendant did wilfully and knowingly while under oath to speak the truth gave false and undetermined testimony in a matter material to the issue in said cause in that said defendant when asked by the court whether he was driving the car at the time of said violation mentioned in said case defendant said he was not driving the car, well knowing at the time that said testimony was false and untrue; all of which conduct of said defendant did then and there tend to impede the proceeding and lessen the dignity of the court."

The contempt of which defendant was found guilty was based upon conduct of the defendant in open court, and conduct which necessarily was in the actual presence of the judge of the court and of which the court had personal knowledge, as distinguished from a contempt that occurs at a place set apart for the use of a constituent part of the court of which the judge of the court would not necessarily have personal knowledge. *In re Estate of Kelly,* 365 Ill. 174.

The sum and substance of the finding is that Tomlinson gave false testimony in reply to a question of the court. Contempts of this kind have been considered by this court in *People v. Stone,* 181 Ill. App. 475, and *People v. LaScola,* 282 Ill. App. 328. These cases were also considered in *People v. Berof,* 290 Ill. App. 1. In the *Stone* case the finding in substance was that Stone had testified falsely to the effect that he had paid one Greenfield a certain sum of money at a certain time and place. The findings set forth in the order did not show that Stone made any admission of having given false testimony (which is also the case here), nor were any facts set up from which it would appear that the trial judge was in a position to know whether the testimony given was true or false. The opinion of this court by Mr. Justice Barnes stated:

"The substance of the testimony of Stone alleged to be false in the case on trial was that he had paid Greenfield a certain sum of money at a certain time and place. Presumably the court was not there nor in a position to know the actual fact. All it could know in the nature of things was that Stone gave one version of the matter under oath and Greenfield another. It might form a correct conclusion from the entire evidence as to which was telling the truth, but it would not know judicially which had falsified. *If false swearing in the presence of the court constitutes direct contempt,* then judicial knowledge of its falsity

is, in our opinion, indispensable to the right of the court to exercise authority to commit therefor, and there is nothing in the record to disclose that the court knew or could know that the testimony was false."

The judgment was reversed.

In the *LaScola* case the defendant was held guilty of a contempt of court in that he falsely testified in a case where one Rogulich was charged with having committed a robbery; that Rogulich was employed by him and was working for him in his store, and procured another witness to testify falsely that he (the witness) saw the accused at the store at the time of the robbery. The opinion of the court, by Justice O'Connor, said:

"We think it obvious that it was not within the personal knowledge of the court, as the order recites, that LaScola had testified falsely and that Gusich had been induced to give false testimony on the trial of the case against Rogulich at the solicitation of LaScola. The court was apprised of these matters by the testimony of LaScola and Gusich. This demonstrates that the contempt was not of such a character—a direct contempt—as would warrant the court in summarily punishing LaScola.

"Moreover, we are further of opinion that while the court might have been satisfied that the testimony given by LaScola on the trial of the criminal case against Rogulich was false, yet the order discloses that the court had at least some doubt on the matter because LaScola was called, was sworn and testified on the inquiry instituted by the court as above stated."

The opinion quotes from the opinion in the *Stone* case, and continues:

"In the instant case we think it apparent that the court did not know of its own knowledge that LaScola and Gusich had given false testimony in the criminal case because the court instituted a separate inquiry,

called these two persons, had them sworn and examined, and from their testimony found LaScola guilty of contempt. And while the order finds—and the finding must be taken as true—that LaScola admitted he had given false testimony in the trial of the criminal case, yet it is clear that the court did not know, if such were the fact, that LaScola had suborned Gusich to testify falsely until Gusich was sworn and testified on the inquiry. When a court is said to know of its own knowledge that certain matters and things have taken place in open court before him, no testimony is required or permitted in a proceeding for direct contempt."

The judgment was reversed.

These cases are applicable here and in conformity with the law as therein stated this judgment must be reversed.

*Reversed.*

McSurely, P. J., and O'Connor, J., concur.