## Wilder v. Sampson.

June 9, 1939

Smith & Brown and R. L. Brown for petitioner.

J. Milton Luker, Kenneth Tuggle, Walter Ray Smith and J. C. Bird for respondent.

OPINION BY JUDGE STITES—Making temporary writ permanent.

The petitioner, Robert Wilder, was arrested and brought before the respondent, Flem D. Sampson, Judge of the Whitley Circuit Court on January 10, 1939 under three indictments charging petitioner with "setting up slot machines." He pleaded guilty. About half a dozen other defendants were arraigned at the same time under identical charges. No copies of the indictments are in the record before us but we gather from the testi-

mony that they were returned under Sections 1960 and 1967 of the Kentucky Statutes. It is alleged that the petitioner and other defendants were called before the court at the same time and that the respondent "then and there stated, to this and other defendants, that it had never been the law that a person guilty of setting up and/or operating a slot machine could be discharged by paying a fine of $50.00 and costs, but further stated that it had been the custom heretofore in Whitley County, in such cases, and that he would not, at this time, depart from that custom; that the said respondent herein further stated that he would accept a plea of guilty on one charge against each defendant and enter a fine of $50.00 and costs and file any and all other indictments charging like offenses; that the court (respondent) then took the plea of each of the defendants, including your petitioner herein; that your petitioner entered a plea of guilty; thereupon, the court (respondent) stated to your petitioner that, if he would bring in and surrender to the jailer of Whitley County all his slot machines that the court would fine this petitioner $50.00 and costs and treat him like all the others engaged in the slot machine business; that your petitioner was then placed in custody of the jailer of Whitley County until such time as your petitioner had complied with the order of the court to surrender all his slot machines into the custody of said jailer; that in obedience to said order of the court, your petitioner hired and paid C. L. West, deputy jailer of Whitley County, to take your petitioner to his home near Saxton, Whitley County, to get fifteen (15) slot machines; that said machines were loaded into a truck and brought to the jail house at Williamsburg, Kentucky, and there delivered into the possession and custody of the jailer of Whitley County; that said C. L. West, as deputy jailer aforesaid, called the Honorable Flem D. Sampson, over the phone in the presence and hearing of this petitioner and reported to said Flem D. Sampson that your petitioner had brought in and delivered to the jailer of Whitley County fifteen (15) slot machines, and the said Flem D. Sampson ordered and directed deputy jailer to give a receipt to owner and take over the custody of said slot machines; that in pursuance to said directions of the court, the said C. L. West, delivered to your petitioner the following receipt in writing: 'Received of Bob Wilder 15 slot machines. This 10-day of January 1939. C. L. West, Deputy Jailer, Whitley County.'

"Your petitioner says that on the following morning he was again taken before the Honorable Flem D. Sampson, as Judge aforesaid, and the said Flem D. Sampson asked your petitioner how many slot machines he brought in. Your petitioner told the said Sampson that he had brought in fifteen (15). The said Sampson then replied that he would fine your petitioner $30.00 for contempt of court and that said contempt would continue until your petitioner brought in the balance of his slot machines.' Thereupon, the following order was entered of record on January 12, 1939 in the clerk's office, at the direction of the court, the respondent herein.

" 'Whitley Circuit Court

" 'Commonwealth of Kentucky       Plaintiff
    vs                Setting Up Slot Machines
Bob Wilder                      Defendant

" 'Order

" 'It appearing to the court that the defendant, Bob Wilder, has been engaged in the business of owning and operating slot machines by himself and through other persons and of setting up the same for operation by other persons in different places of business in Whitley County and other counties, on a commission basis, or division of the proceeds, fifty percent to the defendant and fifty percent to the person on whose premises the machines were set up and operated, and that this business by the defendant has been carried on and conducted continuously for a number of months last past, and that the defendant is the owner and in possession of a large number of slot machines and gambling devices, used and employed by him for the purpose of carrying on unlawful games and promoting gambling in Whitley County, and that the number of machines he has now surrendered to the court is not all the machines that he owns and controls and manages in Whitley County and surrounding territory, and that the defendant has agreed in open court to surrender all said machines and gambling devices for destruction and has failed to do so, it is now ordered that the defendant, Wilder, in case No. 802, on the misdemeanor docket of this court, be and he is now fined on his plea of guilty the sum of $500.00 and cost; and, he is directed to forthwith bring in, or cause

to be brought into this court and surrender to the sheriff of Whitley County, all additional slot machines and other gambling devices in his possession or under his control, and if he fails to do so he shall be in contempt of court, and each day he so fails be a separate contempt; and, he shall remain in the custody of the jailer until he purges himself of this contempt.

" 'The clerk will issue forthwith an execution on said Judgment for $500.00 fine and costs of this action.'

"That said order and judgment of the court fined your petitioner $500.00 instead of $50.00 as per agreement."

It is alleged that the petitioner was again remanded to jail on January 12, and again on January 13 for contempt of court. It is asserted that when petitioner was brought before the court on January 13, that the respondent told him that he was satisfied that petitioner had surrendered all his slot machines but that respondent then ordered petitioner to go before the grand jury and reveal the names of all of his associates in the business as well as any officers who may have protected him. Respondent denies that he expressed himself as satisfied that the petitioner had surrendered all of his machines but admits that he directed petitioner to go before the grand jury. It appears that respondent was not satisfied with the testimony given by petitioner before the grand jury (although it is nowhere asserted that the petitioner failed to answer any question propounded to him) and he thereupon again fined petitioner for contempt and notified him that a similar fine would be entered each day until petitioner informed the court or grand jury what official had been protecting him in the slot machine business. It is asserted that fines for contempt in the sum of $30 each were entered on January 13, January 14, and February 10, and petitioner remained continuously in jail throughout this period.

It is likewise asserted and not denied that the petitioner tendered a motion and grounds for new trial under the indictment based on the grounds that he had been caused to plead guilty because of the court's promise that all defendants would be treated alike "in that they would be required to pay a fine of $50 and costs on one charge and all other charges would be filed away on

condition that defendants surrender all slot machines and refrain from setting up any more,'' and also that the court was without power to assess the $500 fine over defendant's objection without submitting the plea to a jury. Respondent refused to permit the motion and grounds to be filed or even to be marked tendered and made a part of the record.

Under a temporary writ of prohibition granted by this Court on February 21 it now appears that respondent has permitted the motion and grounds for a new trial to be filed as of the date on which they were offered. It likewise appears from the response that the judgment against petitioner for $500 has been set aside and respondent alleges that this judgment was not in force or effect at the time of the filing of the petition for a writ of prohibition. However, it appears from the reply to this response that the $500 judgment was not set aside until February 25—four days after the petition for a writ of prohibition was filed in this Court and two days after it is alleged that the temporary writ was served on the respondent.

At all events, the $500 judgment is now eliminated from the case and the proceeding is, to that extent, moot. However, it does not appear that the portion of the $500 judgment which undertook to require petitioner to surrender his machines and prejudged him as guilty of contempt for each day that he failed to produce his machines was set aside along with so much of the judgment as imposed a $500 fine. It is hardly necessary for us to point out that this order is invalid. Section 1962 of the Kentucky Statutes prescribes the method to be followed in the confiscation and destruction of gambling devices and contempt proceedings are not included in the procedure. Nor does it appear that respondent's admitted threat to continue contempt proceedings against petitioner for his alleged failure to testify truly will not be continued unless prevented by us.

If, as respondent asserts, there was no agreement concerning the punishment that would be meted out in consideration of a plea of guilty then there was no possible legal basis for the requirement that petitioner surrender his machines. If there was no agreement concerning the surrender of the machines and no law requiring their surrender on demand there was no contempt in failing to produce them—even if we assume

that petitioner did not bring in all he had. On the other hand, if, as petitioner claims, there was an understanding concerning the penalty to be imposed, including the surrender of the machines, respondent has certainly failed to live up to his side of the agreement. In either event, the contempt orders were improper and petitioner has pursued the only remedy open for his protection.

It is not contended that petitioner refused to testify before the grand jury or that he refused to answer any question propounded to him. Compare, Harman v. Commonwealth, 140 Ky. 4, 1930 S. W. 787. It is claimed that petitioner may have answered certain questions falsely but what questions they were or how they were answered is nowhere disclosed. Certainly the respondent could not judicially know of such falsity and we have directly determined that contempt proceedings do not lie for perjury except where the truth of the facts or the falsity of the evidence is judicially known. Riley and Belmear v. Wallace, Judge, 188 Ky. 471, 222 S. W. 1085, 11 A. L. R. 337; 12 Am. Jur. 400.

In People v. Stone, 181 Ill. App. 475, (quoted with approval in Riley and Belmear v. Wallace, Judge, supra) the court held that, even though false swearing might constitute a direct contempt, judicial knowledge of its falsity is essential to the right of the court to convict therefor in a contempt proceeding, saying:

"But there is nothing in the record to disclose that the court knew that the testimony was false. In a case of direct contempt, it may act upon that of which it may take judicial notice, but it cannot judicially know that evidence is false unless at the trial it is so made to appear by the witness' own admission or perhaps by unquestioned or incontrovertible evidence. Otherwise the court would act merely upon its belief or conclusions derived from evidence heard, and not upon matters of fact of which it had judicial cognizance, which is essential to the summary proceeding for direct contempt."

However estimable may be the efforts of respondent to eliminate gambling he can proceed only within the bounds of law. The worst criminal no less than the most respected citizen is entitled to even-handed justice under the law and the processes of courts are not to be prostituted against the one or in favor of the other. It follows that the petitioner is entitled to the relief prayed

insofar as it has not become moot by the order of respondent setting aside the $500 judgment.

Petitioner has filed an amended petition for a writ of prohibition presenting certain questions regarding the selection and impaneling of the jury proposing to try him. It appears that these questions may be presented on appeal and therefore have no place in this proceeding. We are cited to no authority to the contrary.

So much of the temporary writ of prohibition as restrains respondent from imposing further fines or imprisonment against petitioner for contempt is made permanent.