McInnis *v*. State.

(Division A. Nov. 10, 1947.)

[32 So. (2d) 444. No. 36612.]

**John G. Burkett** and **W. L. Mhoon,** both of Jackson, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

720

**McGehee, J.,** delivered the opinion of the court.

On the next day after the trial of a divorce suit between the appellant Henry R. McInnis and his wife Willie Mae McInnis, and before the court reporter's notes therein had been transcribed, the Special Chancellor caused to be entered upon the minutes of the court an order reciting among other things: "It appearing to the satisfaction of the court on the trial of this case that the complainant, Henry R. McInnis, in his testimony has committed palpable perjury in the presence of the court in his effort to establish his alleged right to divorce on the ground of adultery and the court being of the opinion that the complainant should be punished therefor;   . . .  " and it was thereupon ordered that a warrant be issued for his arrest and that he be brought before the court on the following day "for sentence at that time or to show cause why such sentence should not be imposed upon him for such offense." Accordingly the warrant was issued and served, and it stated that the accused was "to answer unto the State of Mississippi on a charge of palpable perjury."

On the appearance of the accused in open court as commanded, the court dictated into the record at the hearing a statement to the effect that the foregoing steps had been taken in the proceeding then up for consideration and also that "the testimony which the court considers as contempt in the presence of the court for false swearing is substantially this: The complainant charged in his bill of complaint as a ground for divorce, that the defendant was guilty of an act of adultery on January 9, 1946. That was the sole ground on which the divorce was sought from the defendant." The court then recited in substance from recollection what the accused had testified to upon the trial for divorce and concluded by saying that

"the court finds that testimony to be so entirely incredible . . . as to convince the court beyond a reasonable doubt that the complainant McInnis was testifying falsely about the matter in this court in an effort to get a divorce to which he clearly was not entitled." Thereupon the accused or his counsel was afforded an opportunity to to make any statement that they wished to make into the record, and with the result that a plea of not guilty was then entered.

The accused did not thereafter offer to give any testimony, but his counsel stated to the court that, under the statutes and the Constitution of the State, the court was without power to do other than bind the accused over under bond to await the action of the grand jury; that the said statutes and Constitution provide that no person can be tried for a felony such as false swearing or perjury, without first having been indicted by a grand jury of the country, and which had not been done.

It appears that the statute to which counsel referred is Section 2479, Code 1942, which reads as follows: "Whenever it shall appear to any court that a witness or party who has been sworn or examined in any case, matter, or proceeding pending before the court, has testified in such manner as to induce a reasonable presumption that he has willfully and corruptly testified falsely to some material point or matter, the court may immediately commit such party or witness, by an order of process for that purpose, to prison, to take bond or recognizance with sureties for his appearing and answering to an indictment for perjury."

The court, however, was of the opinion that the procedure prescribed by this statute was not the exclusive remedy, and proceeded to adjudge the accused guilty of "wilfully, knowingly and corruptly swearing falsely" in the trial of the said divorce suit and found that he was therefore, and by reason thereof, guilty of a wanton contempt of the court, and sentenced him to serve a sen-

tence of ten days in the county jail. From that sentence he has taken this appeal.

A transcript of the testimony taken upon the trial of the divorce suit is contained in the record now before us and shows that the appellant had testified that he married the defendant in the divorce suit, Willie Mae McInnis, while in the army and returned to the service for a time before being discharged; that he was discharged in November 1945 and came back to Utica, Mississippi, where his wife was staying, and that he later came to Jackson where he claimed to have been making his home for about thirteen years; that he had been hearing rumors that his wife was unfaithful to him and had been riding around in her automobile with other men; that on January 9, 1946, while he was attending school at Jackson College, and living for the time being on Lynch Street, he saw his wife very late in the afternoon pass the campus of the college in an automobile with a man; that they were proceeding west, and that a few minutes after they passed he got in another automobile and followed them; that he overtook them about a half mile from the college where they had turned off the road into a turn around place, or something of that kind near a bridge; that it was then just about dark but that he proceeded on foot after parking his car, to within forty feet of the car, and saw his wife and the man committing the offense charged in his bill for divorce; that thereupon he left the scene and went back to the college and that so far as he knew neither the man nor his wife were aware of his having seen them on the occasion complained of. The Chancellor in his summary of the evidence emphasized the fact that Lynch Street was one of the main throughfares or streets of the City of Jackson in adjudging the appellant's testimony untrue as to the occurrence testified about, and without making any mention of the statement of the witness as to the character of the place where the car had stopped.

Within a few days thereafter it is shown that the appellant wrote a letter to his wife to the effect that he was separating from her but made no reference to the occurrence about which he complained as a ground for divorce. However, he was corroborated by one other witness, not as to the above mentioned occurrence, but in regard to another circumstance which is alleged to have transpired on another occasion, indicating the unfaithfulness on the part of his wife. All of the foregoing testimony was emphatically denied by the wife, who was corroborated by her mother as to her presence at home on the occasion complained of when they say that she was confined to her bed on account of illness. The wife had been attended by a physician during her illness but he was not offered as a witness. However, the Chancellor was well warranted in believing that the parties had never lived on Lynch Street and that under all the facts and circumstances the appellant had wilfully and corruptly testified falsely upon the trial as to this alleged ground for divorce.

Nevertheless, while there are cases holding that false swearing may be adjudged to be a contempt of court, the presence of certain elements is essential before a judge may find him guilty of false swearing and subject to punishment for contempt, and one of which essentials is that the court must have personal or judicial knowledge of the facts about which the witness has testified and know beyond a reasonable doubt by reason of such personal or judicial knowledge of the facts that the witness has wilfully and corruptly sworn falsely.

In the case of People v. Stone, 181 Ill. App. 475, the court observed that "there is nothing in the record to disclose that the court knew that the testimony was false. In the case of direct contempt, it may act upon that of which it may take judicial notice, but it can not judicially know that evidence is false unless at the trial it is so made to appear by the witness' own admissions or perhaps by unquestioned or uncontrovertible evidence.

Otherwise the court would act merely upon its belief or conclusions derived from the evidence heard, and not upon matters of fact of which it had judicial cognizance, which is essential to the summary proceeding for direct contempt.''

In the case of Ex parte Hudgings, 249 U. S. 378, 39 S. Ct. 337, 340, 63 L. Ed. 656, 11 A. L. R. 333, it was held that a federal court may not punish a witness for contempt solely because of the opinion of the court that he has committed perjury, and that if any other conception of the law were true ''it would follow that when a court entertained the opinion that a witness was testifying untruthfully the power would result to impose a punishment for contempt with the object or purpose of exacting from the witness a character of testimony which the court would deem to be truthful; and thus it would come to pass that a potentiality of oppression and wrong would result and the freedom of the citizen when called as a witness in a court would be gravely imperiled.''

Numerous authorities could be herein cited to sustain the general rule that a trial judge can only find one guilty of a direct contempt of court for false swearing when he has personal or judicial knowledge that the evidence is false. See the following cases supporting such view: Bowles v. United States, 4 Cir., 44 F. (2d) 115; People v. Tomlinson, 296 Ill. App. 609, 16 N. E. (2d) 940; People v. La Scola, 282 Ill. App. 328; People v. Anderson, 272 Ill. App. 93; People v. Richman, 222 Ill. App. 147; Russell v. Field, 192 Ky. 262, 232 S. W. 375; Riley v. Wallace, 188 Ky. 471, 222 S. W. 1085, 11 A. L. R. 337; Lopez v. Maes, 38 N. M. 524, 37 P. (2d) 240; Eykelboom v. People, 71 Colo. 318, 206 P. 388.

We are strongly inclined to the view entertained by the trial judge to the effect that the appellant was in fact guilty of false swearing. Nevertheless the testimony is in sharp conflict as to whether the occurrence testified to had actually taken place, and we think that it is the better rule that a witness should not be adjudged in contempt

and punished for false swearing except in pursuance of the procedure prescribed by our statute hereinabove quoted, unless it could be safely said that the trial judge has found an accused guilty of the false swearing as a result of his own personal or judicial knowledge of the facts in regard to which the testimony has been given, and especially in view of the fact that the law requires that guilt of false swearing must be established by either two witnesses or one witness and corroborating circumstances. It is true that the appellant was not being tried for perjury, but it was necessary that he be adjudged guilty of false swearing before he could be punished as for contempt of court on account thereof.

We are, therefore, of the opinion that the judgment and sentence to imprisonment in the instant case should be reversed and that the appellant should be discharged.

Reversed and judgment here for the appellant.