66 N.J. Super. 195 (1961)
168 A.2d 838
IN THE MATTER OF THE ALLEGED CRIMINAL CONTEMPT OF VINCENT J. MALISSE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 13, 1961.
Decided March 17, 1961.
Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. J. Bernard Saltzman argued the cause for the appellant.
Mr. Archibald Kreiger, Legal Assistant to the Prosecutor, argued the cause for the State (Mr. John G. Thevos, Passaic County Prosecutor, attorney).
*196 The opinion of the court was delivered by GAULKIN, J.A.D.
Vincent J. Malisse was convicted of criminal contempt, for which he was sentenced to six months in the county jail, and he appeals.
On July 24, 1958 Malisse was arrested for bookmaking in his home. He gave the police a signed but unsworn statement in which he stated that he was taking the bets for one Salvatore Russo, who paid him $100 per week and commission.
On July 28 he was questioned in the presence of Russo, and repeated that Russo was his employer. The questions and answers were typed and Malisse signed them. This statement, also, was not under oath. Cf. State v. Eisenstein, 10 N.J. Super. 497, 500 (Cty. Ct. 1950), 16 N.J. Super. 8 (App. Div. 1951), certification denied 9 N.J. 347 (1952).
On January 14, 1960 (sic) Malisse was called as a witness in Russo's trial for bookmaking. He repudiated the truth of his statements and denied that he was bookmaking for Russo. Indeed, he denied that he even knew Russo. As a result, the State's case against Russo collapsed and the trial judge directed the entry of a judgment of acquittal.
On January 15, 1960 Malisse was ordered by the trial judge to show cause "why he should not be adjudged in criminal contempt of this Court for making contradictory statements while a witness on the stand for the State in the prosecution of the above indictments, and which tended to obstruct the orderly course of the administration of criminal justice."
Malisse had not made contradictory statements while on the witness stand, although his testimony did contradict his statements to the police. He claimed that the police, by threats to arrest his wife as an accomplice because she was present while he was taking bets, had forced him to give the statements implicating Russo. He asserted that the police knew that his signed statements were false, and that his testimony at the trial was the truth.
*197 Upon the return of the order to show cause, the police testified that there had been no force or threats, and that the statements were freely and voluntarily given. Malisse repeated his story that he had signed the statements because of the threats, that they were false, and that his trial testimony was true.
In his oral pronouncement at the conclusion of the hearing the trial judge, after reviewing the testimony, said that he had concluded that Malisse had been guilty of false swearing or perjury in the Russo trial because:
"All of the facts as testified to by the respondent Malisse seem to lack the ring of truth. Because, why should he pick on an innocent man and charge him openly, in his own handwriting, with being his superior, his boss, for whom he had been working on July 24th; and July 28th, again in the presence of the man whom he had charged, and then for the first time to say something differently a year and a half thereafter? That is hard to accept, most difficult to accept."
The trial judge held that therefore Malisse was guilty of criminal contempt.
This was error. In cases such as this, the power to treat the giving of false testimony as contempt should not be exercised unless the court has "`judicial notice of the falsity,' e.g., where it is admitted by the contemnor or otherwise appears incontrovertibly." State v. Illario, 10 N.J. Super. 475, 477 (App. Div. 1950); In re Kronyak, 54 N.J. Super. 528, 532 (App. Div. 1959). Cf. Edwards v. Edwards, 87 N.J. Eq. 546 (Ch. 1917). See also Zimmerman v. Zimmerman, 12 N.J. Super. 61 (App. Div. 1950).
The State contends that Malisse's perjury was proved "beyond a reasonable doubt." Even so, it was not established "incontrovertibly," in the sense required by the Illario case. As incredible as Malisse's story was, he was entitled to indictment and trial by jury pursuant thereto. On the other hand, if he was guilty of perjury (or false swearing) he should be subjected to the penalty, civil and criminal, provided for that crime, and not the sentence, relatively mild *198 under the circumstances, of six months in jail. "Perjury is an abhorrent crime." Illario, supra, 10 N.J. Super., at p. 477.
The judgment is reversed and the contempt proceedings are dismissed. We observe there is still ample time to indict Malisse.