KANNER, Judge.
Appellant, Eugene Laramie, a police officer, was adjudged guilty of direct contempt by the Municipal Court of Pompano Beach, Florida, and was sentenced both to fine and imprisonment. Habeas corpus was resorted to by appellant before a circuit judge of Broward County, who discharged the writ and remanded appellant to the custody of appellee, the chief of police of Pompano Beach, determining basically that the errors alleged should properly be raised by appeal and not by habeas corpus. This appeal is from the circuit court’s final judgment discharging the writ of habeas corpus.
The record before the circuit judge, as before this court, consists only of the petition for writ of habeas corpus, the return of appellee, with amendment to it, and the judgment of conviction and sentence. The facts are primarily gleaned from the return as amended. In substance, these reveal that appellant was adjudged guilty of a direct contempt of the Municipal Court for the City of Pompano' Beach while that court was in session on January 22, 1962, by the municipal judge; that on February 17, 1962, the municipal judge made an order of commitment, sentencing appellant to pay a fine of $250 and serve ten days in the municipal jail for commission by him of contemptuous acts during a session of municipal court on January 12, 1962; that those contemptuous acts were the filing of a false affidavit in support of an application for a search warrant and the giving of false testimony in support of the false affidavit.
We consider it necessary to deal only with the question raised primarily by appellant, whereby he contends that he is not restricted solely to the remedy of appeal as directed by the circuit court. As against this, appellee urges that the judgment of the municipal court is not void so as to be subject to collateral attack via habeas corpus used as a substitute for appeal.
The situation with which we are concerned is one involving punishment for direct contempt because of asserted false swearing. Perjury or false swearing under some circumstances is punishable as a direct contempt of court. 6 Fla.Jur., Contempt, section 16, page 575. The Florida Supreme Court, through certain cases, however, has approved three elements set out in 12 Am.Jur., Contempt, section 17, page 400, as being essential in order that perjury or false swearing may constitute contempt *458 of court: “(1) the alleged false answers had an obstructive effect, (2) there existed judicial knowledge of the falsity of the testimony, and (3) the question was pertinent to the issue.” State ex rel. Luban v. Coleman, 1939, 138 Fla. 555, 189 So. 713; Mitchell v. Parrish, Fla.1952, 58 So.2d 683. Generally, in proceedings for direct contempt, the judge acts on view, of his own knowledge, and for this reason may inflict punishment forthwith without trial. It is necessary, however, in a case of constructive or indirect contempt, that a hearing be had and the contemner afforded an opportunity to resist the charge through defense or explanation. 6 Fla.Jur., Contempt, section 51, page 608.
We shall approach the problem here from the viewpoint of the element of judicial knowledge of the falsity of the swearing, or the second of the three cardinal requisites indispensable to an adjudication for contempt. In this connection, the Florida Supreme Court in State ex rel. Luban v. Coleman, supra, 189 So. page 715, quoted from 12 Am.Jur., at pages 400-401:
“ 'In most of the cases in which perjury or false swearing has been held to constitute a contempt, the falseness of the statements or allegations made under oath was either admitted or so clearly shown, generally from the con-temner’s own statements, as to be apparently beyond question. Where, however, the falsity of the testimony is denied and is a matter merely of inference of opinion, the court should not weigh the conflicting evidence in a contempt proceeding, but should leave the alleged contemner to be punished criminally if guilty of perjury. In other words, the contemner is entitled to a jury trial if the facts are substantially disputed, and the court cannot take judicial knowledge that the testimony or allegation is false.’ ”
In the Luban case, the appellant sought review of a judgment of the circuit court discharging his writ of habeas corpus and remanding him to custody. A judgment of contempt and sentence of imprisonment had been entered against him in the Criminal Court of Record of Dade County through summary procedure. The trial judge,, as to testimony by Luban that he could not remember certain facts, announced that the witness patently was lying to protect someone and thereupon found him in contempt of court. Reversing, the Supreme Court stated that the trial judge concluded, absent any proof to be found in the record, that the witness was not speaking the truth, and, without any proof to support the finding, committed the witness for contempt. The court in the Luban case cited and quoted at length from People v. Stone, 181 Ill.App. 475. In that case it was held that, although false swearing might constitute a direct contempt, judicial cognizance of the falsity is essential to the right of the court to convict for it in a contempt proceeding. It was stated by the Illinois Court:
“ ‘But there is nothing in the record to disclose that the court knew that the testimony was false. In a case of direct contempt, it may act upon that of which it may take judicial notice, but it cannot judicially know that evidence is false unless at the trial it is so made to appear by the witness’ own admission or perhaps by unquestioned or incontrovertible evidence. Otherwise the court would act merely upon its belief or conclusions derived from evidence heard, and not upon matters of fact of which it had judicial cognizance, which is essential to the summary proceeding for direct contempt.’ ”
In Mitchell v. Parrish, supra, the appellant was found guilty and sentenced to imprisonment for contempt in the Criminal Court of Record of Polk County for false swearing based upon certain statements made under oath by appellant at the trial different from those made under oath at a hearing held by the county solicitor to obtain testimony upon which to base an information. Appellant brought a habeas *459 corpus proceeding before the circuit judge, who remanded him to custody and discharged the writ. The trial judge admitted in the record that he did not have judicial knowledge of the falsity of the testimony given at the trial. The Supreme Court concluded that the testimony given before the county solicitor was prior to filing of the information and was not before the trial court. The court therefore reversed, directing that the judgment remanding appellant to the custody of the county sheriff be set aside for further proceedings in accordance with its opinion.
In addition to cases from the Florida jurisdiction, many from various other states establish that judicial knowledge is prerequisite to a judgment for contempt. A belief of untruthfulness or a suspicion of falsity of statements made under oath is not sufficient. See Ex parte Blache, 1940, 40 Cal.App.2d 687, 105 P.2d 635; People v. Harrison, 1949, 403 Ill. 320, 86 N.E.2d 208; People v. Tomlinson, 1938, 296 Ill. App. 609, 16 N.E.2d 940; In re Scott, 1955, 342 Mich. 614, 71 N.W.2d 71; McInnis v. State, 1947, 202 Miss. 715, 32 So.2d 444; In re Malisse, 1961, 66 N.J.Super. 195, 168 A.2d 838, 839; Fawick Airflex Co. v. United Electrical, R. & M. Wkrs., 1950, 87 Ohio App. 371, 92 N.E.2d 436; State v. Estill, 1960, 55 Wash.2d 576, 349 P.2d 210. See also annotated cases cited at 73 A.L.R. 817 and 11 A.L.R. 342.
Here, appellant on January 12, 1962, filed the affidavit for the purpose of procuring a search1 warrant and gave the sworn testimony in support of it; some ten days later, on January 22, 1962, he was adjudged guilty of a direct contempt of court by the municipal judge because the affidavit and sworn testimony given earlier were said to have been false. The affidavit and testimony described as false are not made a part of the record, nor their substance; no factual predicate is delineated; and insofar as the record before this court is concerned, there is only the conclusion or bare statement that the affidavit and testimony were false. No contention is made that any opportunity was permitted appellant to be heard with respect to the charge, but the contempt adjudication and sentence were summarily imposed,
The fundament or problem of this-appeal is whether the circuit judge should’ have restricted appellant to appeal instead of allowing him to be heard in a habeas corpus proceeding. There is nothing in the record which was before the circuit judge, the same as that before this court, to show that the municipal judge possessed knowledge of facts giving him judicial cognizance of the falsity of appellant’s affidavit and testimony, although such knowledge was necessary to the summary adjudication employed by him. Based upon the facts revealed by the record, a showing of the element of judicial knowledge by the municipal judge^ was lacking. Apparently, no question as to the use of appeal in the place of habeas corpus was raised in either of the two Florida cases with which we have dealt. It may be noted that, in each, habeas corpus was employed for review of the contempt judgment rendered, the circuit court in both instances discharging the writ and remanding the prisoner to custody and with the Supreme Court setting aside the contempt judgment. Under the record here, we are not concerned with the question of mere irregularities, errors, or a voidable judgment but rather with the direct question of a void judgment. Fundamentally, for a judgment of contempt for false swearing to be valid, it must be established that there existed judicial knowledge of it. Because of this situation, the circuit judge should have heard and considered the matter through habeas corpus. Accordingly, the judgment of the court discharging appellant’s writ of habeas corpus is reversed, with directions that further proceedings be had in compliance with the views here expressed.
Reversed.
SHANNON, C. J„ and SCOTT, CHARLES R., Associate Judge, concur.